IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER CHARLES,
    Plaintiff,

v.

COURT SECURITY OFFICER,
    Defendant.

CIVIL ACTION NO. 19-CV-4956

## MEMORANDUM

SÁNCHEZ, C.J.                                                                    NOVEMBER 6th, 2019

*Pro se* Plaintiff Peter Charles has filed a Complaint using the Court's preprinted form. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Charles is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed with prejudice.

## I. FACTS

Charles's Complaint is completely blank save for the caption area and the signature. After writing "Court Security Officer" in the caption area, Charles writes that the Defendant "violated my Hippa civil rights by coming into the bathroom with me. I told him you can't come in hear [sic] with me he still proceeded to do so with his violation of my rights."[1] (ECF No. 2 at 1.)[2] He also avers that the person would not give Charles his name. (*Id.*) Charles attached to his Complaint documents reflecting that he was cited for defiant trespass, harassment and disorderly

---

[1] The Court assumes Charles is referring to a public bathroom in the Byrne United States Courthouse. The Court takes judicial notice of the fact that Charles was escorted from the Byrne United States Courthouse on October 21, 2019 after causing a disturbance, leading the Court to enter an Order in his other cases restricting his access to the building to official judicial business. (*See* Civ. A. No. 19-4238, ECF No. 6; Civ. A. No. 19-4469, ECF No. 6.)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

conduct after an incident at Saxby's Coffee; those documents bear no apparent relevance to the claim against Defendant Court Security Officer.

## II. STANDARD OF REVIEW

The Court will grant Charles leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Charles is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

From the limited facts alleged in Charles's Complaint, the Court can discern no basis for a plausible cause of action. The Court assumes that Charles's mention of the words "civil rights" implies that he seeks to bring a *Bivens* claim against the Defendant, who appears to be a federal official or federally contracted official. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action is a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. To state a *Bivens* claim, a plaintiff must allege (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation of the right was caused by a federal official

2

acting under color of federal law. *Torruella-Torres v. FCI Fort Dix*, 218 F. Supp. 3d 270 (D. Del. 2016), *aff'd sub nom. Torruella-Torres v. Fort Dix FCI*, 678 F. App'x 59 (3d Cir. 2017). In *Bivens* the United States Supreme Court recognized an implied right of action for damages against federal officials who have violated a person's Fourth Amendment rights. *Id.* The Supreme Court extended a *Bivens* remedy twice: in *Davis v. Passman*, 442 U.S. 228 (1979), where it held that an administrative assistant fired by a congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim, and in *Carlson v. Green*, 446 U.S. 14 (1980), where the Court permitted a *Bivens* remedy against federal prison officials for failure to treat a prisoner's asthma. The Supreme Court has not overruled *Bivens* but also has not extend it. Instead, the Court has generally confined *Bivens* actions to the limited range of claims previously recognized. *See Corr. Srvs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (referring to *Bivens* as a "limited holding."); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855, 198 L.Ed.2d 290 (2017) (stating that these three cases are the "only instances in which the Court has approved of an implied damages remedy under the Constitution itself."). Charles's assertion that the Defendant Court Security Officer followed him into a bathroom fails to state a basis for relief since there is no recognized *Bivens*-type constitutional claim based on unfettered use of a public bathroom in a government building in complete privacy. Further, the facts alleged do not state a constitutional violation.

Finally, to the extent that Charles's use of the term "Hippa" may be read assert a claim under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 201, courts that have examined HIPAA have generally concluded that HIPAA does not create a private right of action for individual plaintiffs. *Johnson v. WPIC*, No. 18-2552, 2019 WL 5578840, at *1 (3d Cir. Oct. 29, 2019) (holding that HIPAA does not create a private right of action (citing *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006))).

3

Accordingly, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to file an amended complaint since any attempt at amendment would be futile.

**BY THE COURT:**

_____
JUAN R. SANCHEZ, C.J.